1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10  SECURITIES AND EXCHANGE            Case No. 2:20-cv-03108-MCS-JPR
11  COMMISSION,
                                       **FINAL JUDGMENT AS TO**
12                    Plaintiff,       **OWNZONES MEDIA NETWORK,**
                                       **INC.**
13              v.

14
15  OWNZONES MEDIA NETWORK,
    INC., DANIEL GOMAN and JOSEPH
16  GOMAN,
17
                      Defendants.
18
19
20
21
22
23
24
25
26
27
28

                                    1

The Securities and Exchange Commission having filed a Complaint and Defendant OWNZONES Media Network, Inc. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use

1    or medium of any prospectus or otherwise;

2    (b)    Unless a registration statement is in effect as to a security, carrying or

3    causing to be carried through the mails or in interstate commerce, by any

4    means or instruments of transportation, any such security for the purpose

5    of sale or for delivery after sale; or

6    (c)    Making use of any means or instruments of transportation or

7    communication in interstate commerce or of the mails to offer to sell or

8    offer to buy through the use or medium of any prospectus or otherwise

9    any security, unless a registration statement has been filed with the

10    Commission as to such security, or while the registration statement is the

11    subject of a refusal order or stop order or (prior to the effective date of

12    the registration statement) any public proceeding or examination under

13    Section 8 of the Securities Act [15 U.S.C. § 77h].

14    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided

15 in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the

16 following who receive actual notice of this Final Judgment by personal service or

17 otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and

18 (b) other persons in active concert or participation with Defendant or with anyone

19 described in (a).

20                                              IV.

21    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

22 Defendant is liable for disgorgement of $1,500,000, representing profits gained as a

23 result of the conduct alleged in the Complaint, together with prejudgment interest

24 thereon in the amount of $339,010.99, and a civil penalty in the amount of $175,000

25 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section

26 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall satisfy this

27 obligation by paying $2,014,010.99 to the Securities and Exchange Commission

28 within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; OWNZONES Media Network, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.   Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

1    The Commission may propose a plan to distribute the Fund subject to the

2    Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant

3    to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The

4    Court shall retain jurisdiction over the administration of any distribution of the Fund

5    and the Fund may only be disbursed pursuant to an Order of the Court.

6    Regardless of whether any such Fair Fund distribution is made, amounts

7    ordered to be paid as civil penalties pursuant to this Judgment shall be treated as

8    penalties paid to the government for all purposes, including all tax purposes.  To

9    preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or

10   reduction of any award of compensatory damages in any Related Investor Action

11   based on Defendant's payment of disgorgement in this action, argue that it is entitled

12   to, nor shall it further benefit by, offset or reduction of such compensatory damages

13   award by the amount of any part of Defendant's payment of a civil penalty in this

14   action ("Penalty Offset").  If the court in any Related Investor Action grants such a

15   Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the

16   Penalty Offset, notify the Commission's counsel in this action and pay the amount of

17   the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission

18   directs.  Such a payment shall not be deemed an additional civil penalty and shall not

19   be deemed to change the amount of the civil penalty imposed in this Judgment.  For

20   purposes of this paragraph, a "Related Investor Action" means a private damages

21   action brought against Defendant by or on behalf of one or more investors based on

22   substantially the same facts as alleged in the Complaint in this action.

23                                          V.

24   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent

25   is incorporated herein with the same force and effect as if fully set forth herein, and

26   that Defendant shall comply with all of the undertakings and agreements set forth

27   therein.

28

6

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**IT IS SO ORDERED.**

Dated: January 13, 2021

_____

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE